[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT (#125) AND MOTION FOR REMITTITUR (#126)
The instant lawsuit arose out of an automobile accident for which the defendants admitted liability.
The jury returned a verdict in favor of the plaintiff for the following damages to wit:
 Economic Damages $ 14,808.33 Non Economic Damages $110,191.67 ----------- Total Damages $125,000.00 ===========
The defendants now move to set aside the verdict on the grounds that it was excessive or in the alternative that the court order a remittitur.
"Great deference is to be accorded a jury's award of damages. Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . This right is one obviously CT Page 4928 immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court . . ." Childs v. Bainer, 235 Conn. 107, 112. Also see Wichers v.Hatch, 252 Conn. 174, 175.
The discretion vested in the trial court in this region is not arbitrary or capricious discretion, but rather, it is legal discretion to be exercised within the boundaries of settled law. "This limitation on a trial court's discretion results from the constitutional right of litigants to have issues of fact determined by the jury. This right encompasses the right to have a jury and not the court decide issues of fact as to which reasonable people may reach different conclusions."Berry v. Loiseau, 223 Conn. 786, 807 (1982). "Thus, the role of the trial court on a Motion to Set Aside the Jury's Verdict, is not to sit as a seventh juror, rather decide whether, viewing the evidence in light most favorable to the prevailing party, the jury could reasonably have reached the verdict that it did." Id. at 807-808. Because setting aside or modifying a verdict deprives a litigant of his constitutional right to have disputed issues determined by the jury, the court must examine the evidential basis of the verdict.
The plaintiff, a self-employed painter by trade, sustained a severe injury to his left upper extremity which required an open surgical procedure to transplant the ulnar nerve. The permanent disability of the left upper extremity was estimated to be 10% which testimony was unrefuted. The plaintiffs life expectancy was 37.8 years.
There was evidence that the injury has resulted in a permanent impairment of sensation in the area of injury and the nature of the injury was such as to alter the plaintiffs employment abilities.
There was testimony as to the pain and suffering experienced by the plaintiff as well as limitations on the ability to perform certain physical activities.
Predicated upon the foregoing it cannot be said that as a matter of law the verdict was excessive and does not fall well within the elastic limits of fair, just and reasonable compensation.
There was nothing to suggest the jury was improperly motivated.
The verdict passes muster under the applicable standards and may not be disturbed by the court. CT Page 4929
Motions denied.
By The Court
 ___________________ John C. Flanagan, Judge